**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

ERNESTO QUINTERO,
           Plaintiff,

v.                                                                                          CIV No. 09-855 LH/ACT

LEPRINO FOODS COMPANY,
THE NEW YORK BLOWER,
INDUSTRIAL ACCESSORY COMPANY,
           Defendants.

and

LEPRINO FOODS COMPANY,
           Third-Party Plaintiff,

v.

TEXAS STATE INSULATION,
           Third-Party Defendant/Third-Party Plaintiff,

v.

GOLD KEY, INC., individually and d/b/a
GOLD KEY INSURANCE, and
ATLANTIC CASUALTY INSURANCE COMPANY,
           Third-Party Defendants.

and

ATLANTIC CASUALTY INSURANCE COMPANY,
           Counter-Plaintiff/Third-Party Plaintiff,

v.

TEXAS STATE INSULATION, RAFAEL RAMOS, JR.,
ERNEST QUINTERO and LEPRINO FOODS COMPANY,
           Counter-Defendant/Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on Plaintiff's Opposed Motion for Leave to

File Plaintiff's Third Amended Complaint for Personal Injuries Arising from an on the Job Injury Caused by a Third Party ("motion to amend") (Doc. 129).  Plaintiff proposes the addition of two defendants:  Northland Processing Piping, Inc. ("Northland") and Aircorp, Inc. ("Aircorp"), against which he seeks to assert claims for negligence, breach of implied warranty, and strict liability.  (*See* Doc. 129, Ex. A.)  Defendant Leprino Foods Company ("Leprino") opposes the amendment, arguing that Plaintiff has failed to show "good cause" for amending the complaint outside of the deadline established in the Court's scheduling order.   The Court, having considered the motion, the briefs of the parties, and the applicable law, and otherwise being fully advised, finds that the motion to amend shall be **granted.**

## I.  BACKGROUND

This case arises out of an injury sustained by Plaintiff on July 21, 2008, when he was walking on the roof of a Leprino's plant in Roswell, New Mexico.  Plaintiff claims that as he was walking on a poorly-laid-out walkway on the roof, he tripped and his left hand fell into an exhaust fan that was not equipped with the proper guards.  Three of Plaintiff's fingers were amputated.

Plaintiff's initial complaint was filed on July 28, 2009, in the Fifth Judicial District, Chaves County, New Mexico, and asserted claims against only Leprino.  The matter was removed to this Court by Leprino on September 8, 2009, on the basis of diversity jurisdiction.  On November 24, 2009, this Court set case management deadlines in its Order Adopting Joint Status Report and Provisional Discovery Plan, giving Plaintiff until December 31, 2009, to add additional parties or to amend pleadings.  Plaintiff filed his first unopposed motion for leave to amend just before the deadline for doing so, on December 29, 2009.  The Court permitted Plaintiff to file his First Amended Complaint on January 5, 2010, which added claims against

2

The New York Blower Co. ("New York Blower").  Then, on March 3, 2010, Plaintiff filed another unopposed motion for leave to amend his complaint, this time outside of the deadline for amending.  Plaintiff was permitted to file his Second Amended Complaint on March 12, 2010, which added claims against Industrial Accessory Company ("IAC").  In addition, various counterclaims and cross-claims have also been filed, including a third-party complaint by Leprino against Texas State Insulation, (*see* Doc. 23), a third-party complaint by Texas State Insulation against Gold Key, Inc. ("Gold Key") and Atlantic Casualty Insurance Co. ("ACIC"), (*see* Doc.  42), a cross-claim for indemnification by IAC against New York Blower, (*see* Doc. 81), a counterclaim by ACIC against Texas State Insulation, (*see* Doc.  88), and a third-party complaint by ACIC against Plaintiff, Leprino, and Rafael Ramos, Jr., (*see* Doc.  88).

On October 12, 2010, approximately three weeks before the close of discovery, Plaintiff filed his third motion for leave to amend, seeking to add two additional parties:  Northland and Aircorp.  In his proposed Third Amended Complaint, Plaintiff asserts claims against these proposed defendants for negligence, breach of implied warranty, and strict liability.

No trial date has been set in this matter, and although the discovery period ended November 5, 2010, a Stipulated Motion to Extend Deadlines is now pending before this Court, in which the parties seek to extend the discovery deadline to accommodate Gold Key, a third-party defendant which entered its appearance on October 6, 2010.  The parties have proposed extending the discovery deadline to January 5, 2011.

In support of his motion to amend, Plaintiff maintains that the identities and relevant roles of Northland and Aircorp were not discovered until recently.  According to Plaintiff, it was on September 9, 2010, at the deposition of Leprino, that he learned that Northland was hired by Leprino to help design and install the brine conveyor system, including the subject ventilation

3

fan.  Additionally, Plaintiff contends that it was on October 8, 2010, at the deposition of New York Blower, that he learned that Aircorp was the independent sales representative for New York Blower which negotiated the sale of the ventilation fan to IAC, recommended the type of fan, and may or may not have explained the accessories that could be purchased with the fan (e.g., a fan guard).

Leprino opposes Plaintiff's motion to amend on the ground that Plaintiff has not met Rule 16(b)'s "good cause" standard for amendments outside of the deadline imposed by the Court.  More specifically, Leprino argues that Plaintiff failed to request critical information during discovery and failed to adequately review materials produced by Leprino in discovery regarding the identities of Northland and Aircorp.

## II.  STANDARD

Under Rule 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  A court, considering a motion for leave to amend under Rule 15, "should freely give leave when justice so requires."  *Id.*  Justifications for denying a motion for leave to amend include:  undue delay, bad faith, repeated failure to cure deficiencies by amendments, undue prejudice, or futility of amendment.  *Forman v. Davis*, 371 U.S. 178, 182 (1962).  Although lateness does not of itself justify denial of an amendment, protracted delay, with its attendant burdens on the opposing party and the court, may be a sufficient reason to deny leave to amend. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).  "[D]enial of leave to

amend is appropriate 'where the party filing the motion has no adequate explanation for the delay.'" *Id.* at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

Some circuits hold that a party seeking to amend his pleadings after the deadline set for such amendments in the scheduling order must satisfy Rule 16(b)'s "good cause" requirement. *See, e.g., Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir. 1999); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

Rule 16(b)'s "good cause" standard requires the moving party to show that it has been diligent in attempting to meet the deadlines, meaning that it must provide an adequate explanation for any delay. *Minter*, 451 F.3d at 1205 n.4. Although the Tenth Circuit has adopted a similar interpretation of Rule 16(b)'s "good cause" requirement in the context of counterclaims asserted after the scheduling order deadline, *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir. 1990), it has not yet done so in the context of a proposed amendment to a complaint. *Minter*, 451 F.3d at 1205 n.4. The Tenth Circuit has, however, noted the similarity between the "good cause" standard of Rule 16(b) and the "undue delay" analysis under Rule 15. Here, the Court concludes, applying similar analyses under both rules, that Plaintiff has not engaged in undue delay but has established good cause for amending his complaint outside of the Court's deadline.

### III. ANALYSIS

Plaintiff filed his motion to amend on October 12, 2010, outside of the Court's December 31, 2009 deadline for adding parties and amending pleadings. Leprino opposes Plaintiff's motion, arguing that the delay in moving to amend was the result of Plaintiff's lack of diligence

and/or his failure to adequately scrutinize documents produced during discovery.

First, Leprino faults Plaintiff for simply not asking the right questions early on in discovery. But a February 13, 2010 email from counsel for New York Blower to counsel for Plaintiff and counsel for Leprino suggests that, at least in early stages of discovery, it remained unclear to everyone, perhaps even to Leprino, which company was responsible for designing the application for the ventilation fan and for installing it at Leprino's facility. (*See* Doc. 161, Ex. 1) (suggesting that IAC *may* have designed the application for the ventilation fan and installed it). The Court cannot say, based on the present record, that Plaintiff engaged in undue delay or failed to act diligently in discovering potential defendants.

Further, having reviewed the discovery documents that were submitted by Leprino in support of its argument that Plaintiff knew the identities of Northland and Aircorp as early as August 2010, the Court concludes that the documents themselves do not necessarily suggest that 1) Northland was involved in the design of a system that incorporated the subject ventilation fan or in the installation of the fan at the Leprino facility; or 2) that Aircorp was responsible for negotiating the sale of the ventilation fan with AIC, including recommending the type of fan to be purchased by AIC and explaining the accessories that could be purchased with the fan (e.g., a fan guard). Though both company names were referenced in a handful of discovery documents, the significance of their roles with regard to the ventilation fan is not apparent from these documents.

Plaintiff's first opportunity to depose representatives of Leprino and New York Blower and to learn something of Northland and Aircorp's roles in the design, selection, and installation of the subject ventilation fan, was on September 9, 2010 and October 8, 2010, respectively. According to Plaintiff, it was on these dates that he learned of the significant roles that the

proposed defendants played with respect to the subject ventilation fan and its lack of a proper guard.  Plaintiff filed the instant motion to amend on October 12, 2010, one month after the deposition of Leprino, four days after the deposition of New York Blower, and four days after learning that the parties would have to reschedule the deposition of the CEO of Northland, a deposition which was scheduled, apparently at Plaintiff's counsel's insistence, immediately after Leprino's representative revealed Northland's relevant involvement at his deposition.  As such, the Court finds that Plaintiff's motion was filed within a reasonable amount of time after the relevant roles and participation of Northland and Aircorp were revealed during deposition testimony.

      Where a party moves to amend his complaint within a reasonable amount of time after he first learns, through discovery or disclosures, the information crucial to an amendment, the party has shown "good cause" to amend.  *See Garcia v. Bd. of County Comm'rs of Bernalillo*, 09cv322 BB/WDS (D.N.M. Nov. 30, 2010) (granting the plaintiffs leave to amend their complaint to add a medical doctor as a defendant, where they were not able to appreciate his role or understand his participation in the subject medical care of their son until after the deposition of another doctor, which occurred after the pleading deadline had passed).  Under the circumstances here, there is no reason to believe that Plaintiff was not diligent in attempting to assert claims against the proper parties as early as practicable.  The Court finds Plaintiff's explanation for delay in seeking an amendment to add Northland and Aircorp to be adequate.  As such, Plaintiff has satisfied both Rule 15 and Rule 16(b) and is entitled to amend his complaint to add the proposed defendants.

      Moreover, it is noteworthy that the New Mexico statute of limitation for a negligence claim resulting in injury to a person is three years.  *See* NMSA § 37-1-8.  As Plaintiff has noted,

it has not yet been three years from the date of his injury. Plaintiff suggests that, should this Court deny his motion to amend, he would be forced to file a separate action against Northland and Aircorp, resulting in a waste of judicial resources. Therefore, matters of judicial economy provide further justification for allowing Plaintiff's proposed amendment.

## IV. CONCLUSION

For all of these reasons, the Court concludes that leave should be granted to Plaintiff to amend his complaint to assert claims against Northland and Aircorp.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to File Plaintiff's Third Amended Complaint for Personal Injuries Arising from an on the Job Injury Caused by a Third Party is hereby **granted**.

_____
SENIOR UNITED STATES DISTRICT JUDGE